United States District Court
for the
Southern District of Florida

| Gregory Richardson, Petitioner, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 16-61325-Civ-Scola |
| | ) | |
| United States of America, | ) | |
| Respondent. | ) | |

### **Order Adopting Magistrate Judge's Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On May 22, 2017, Judge White issued a report, recommending that the Court deny Richardson's motion to correct, set aside, or vacate his sentence pursuant to 28 U.S.C. § 2255 and dismiss the case. (Report of Magistrate, ECF No. 13.) On June 5, 2017, the Petitioner filed objections to the report (ECF No. 14) and on June 19, 2017 the Government replied (ECF No. 16).

The basis for Richardson's motion to vacate his sentence is that, following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction for brandishing a firearm in furtherance of a crime of violence should be vacated because his predicate bank robbery and attempted bank robbery convictions do not qualify as "crime[s] of violence" as defined by 18 U.S.C. § 924(c)(3). Although Judge White, quite unfortunately, mistakenly referred to "Hobbs Act robbery" throughout his report, rather than bank robbery, binding Eleventh Circuit precedent nonetheless dictates that Richardson's motion should be denied: armed bank robbery in violation of 18 U.S.C. § 2113(a) "clearly" satisfies the elements clause of § 924(c)(3)(A). *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016); *see also In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (holding that published panel decisions on applications to file second or successive petitions "are binding precedent in our circuit"); *In re Jones,* Case No. 16-14106-J (11th Circuit July 27, 2016) (Martin, J., concurring in the judgment) (while noting that *Hines* "might be" "wrong," nonetheless finding that it still barred a petitioner's application to file a second or successive § 2255 motion); *Colebrook v. United States*, No. 11-80014-CR, 2016 WL 5807916, at *3 (S.D. Fla. Oct. 5, 2016) (Marra, J.) ("[T]his Court is bound by the precedent of *Hines* and the conclusion that armed bank robbery

under 18 U.S.C. § 2113(a) and (d) is a 'crime of violence,' as defined by § 924(c)(3)(A).").

Further, although the Eleventh Circuit has not decided the issue, this Court chooses to follow the Sixth and Seventh Circuits' holdings that 18 U.S.C. § 2113(a) "seems to contain a divisible set of elements, only some of which constitute violent felonies" such that "the modified categorical approach is necessary to determine whether" a conviction thereunder "qualifies as a crime of violence." *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 830 (2017); *United States v. Loniello*, 610 F.3d 488, 493 (7th Cir. 2010). Upon taking a "peek" into the record documents, it is clear that Richardson was charged in the indictment with violating § 2113(a) exclusively by means of force, violence, and intimidation. Under the modified categorical approach then, Richardson's conviction for armed bank robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A). As such, despite Judge White's error, in referring to Hobbs Act robbery, the Court nonetheless adopts his recommendation that Richardson's motion to vacate be denied.

The Court, however, rejects Judge White's recommendation that a certificate of appealability be denied. The Court finds that reasonable jurists could debate whether armed bank robbery is a crime of violence. A certificate of appealability is therefore granted in that regard.

The Court has considered Judge White's report, the Petitioner's objections, the Government's reply to those objections, the record, and the relevant legal authorities. While Judge White's report mistakenly analyzed Hobbs Act robbery rather than bank robbery, the Court nonetheless finds that Judge White's ultimate conclusion is correct and therefore **affirms and adopts** Judge White's recommendation that Richardson's petition be denied. The Court **rejects** Judge White's recommendation not to issue a certificate of appealability.

In sum, the Court **denies** the motion to vacate (ECF No. 1). The Court issues a certificate of appealability. Finally, the Court directs the Clerk to **close** this case.

**Done and ordered**, at Miami, Florida, on June 29, 2017.

_____
Robert N. Scola, Jr.
United States District Judge